UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY ROBINSON,<br>    Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | CIVIL ACTION NO. 3:13-CV-1106<br><br>(Judge Kosik) |

FILED
SCRANTON
JUN 3 0 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are Plaintiff's Objections (Doc. 33) to the Report and Recommendation of Magistrate Judge Martin C. Carlson dated May 21, 2014 (Doc. 32). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Corey Robinson, an inmate confined at the United States Penitentiary-Canaan, Waymart, Pennsylvania, filed the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2675, et. seq. The basis of the action is a salmonella outbreak at the prison. The Defendant, United States of America, filed a Motion to Dismiss the Complaint (Doc. 21), alleging that Plaintiff failed to exhaust the administrative tort claim process set out in the FTCA. In response, Plaintiff set forth his exhaustion efforts through the prison grievance system (Docs. 25-28).

On May 21, 2014, the Magistrate Judge issued a Report and Recommendation (Doc 32), wherein he recommended that the Motion to Dismiss be granted, but without prejudice to the re-filing of a Complaint, if and when Plaintiff completes the process of exhausting his administrative tort claims. Specifically, the Magistrate Judge found that while Plaintiff may have attempted to satisfy the

administrative exhaustion requirements through the prison grievance system, he failed to exhaust his tort claim under the process mandated under the FTCA. As the Magistrate Judge points out, as a prerequisite to filing suit under the FTCA, a claim must first be presented to the appropriate federal agency. Moreover, the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and can't be waived.

In his Objections, plaintiff discusses exhaustion of administrative remedies as it relates to the prison grievance system required under the Prison Litigation Reform Act, 42 U.S.C. §1997 e(a). Plaintiff also raises the issue of unavailability of administrative remedies.

As discussed by the Magistrate Judge, there is a distinction between the type of administrative exhaustion of inmate grievances required by the Prison Litigation Reform Act ("PLRA") and the administration exhaustion requirement mandated by the FTCA. Further, an inmate may not rely upon the submission of prison grievances to satisfy his separate and independent exhaustion requirement under the FTCA. While Plaintiff asserts that he has filed B.P. forms for the exhaustion of administrative remedies under the prison grievance system, he does not address the Defendant's representation that he has failed to follow the exhaustion requirements of the FTCA.

Because proof of exhaustion of prison grievances does not satisfy the separate administrative exhaustion requirements under the FTCA, we will adopt the Report and Recommendation of the Magistrate Judge. The Defendant's Motion to Dismiss (Doc. 21) will be granted and the Plaintiff's Complaint will be dismissed without prejudice so that he can re-file his Complaint as a new action if and when he fully exhausts his administrative tort claim under the FTCA. An appropriate Order will follow.