UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY ROBINSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:13-CV-1106 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Kosik) |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Before the Court are Plaintiff's objections (Doc. 40) to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson dated May 10, 2016 (Doc. 39). For the reasons which follow, we will adopt the R&R.

**I. BACKGROUND**

Plaintiff, Corey Robinson ("Robinson"), is an inmate currently confined at the United States Penitentiary-Canaan, Waymart, Pennsylvania. Robinson filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et. seq.*, on April 26, 2013 (Doc. 1). The basis of the action is a salmonella outbreak at the prison. On June 30, 2014, the Court dismissed Robinson's Complaint, without prejudice, for failure to exhaust administrative remedies. (Docs. 34 and 35). Specifically, this Court adopted the Magistrate Judge's findings that while Plaintiff may have attempted to satisfy the administrative exhaustion requirements through the prison grievance system, he failed to exhaust his tort claim under the process mandated under the FTCA. (Id). After this case was closed on March 6, 2015, Robinson filed a memorandum of law

(Doc. 36), averring that he had exhausted his claim under the Prisoner Litigation Reform Act ("PLRA"). On May 10, 2016, the Magistrate Judge issued a R&R (Doc. 39), recommending that the case remain closed because of Robinson's failure to exhaust his administrative tort remedies and also that the statute of limitations under the FTCA bar his claim. Robinson filed objections to the R&R (Doc. 40), alleging that: 1) he did what the district judge ordered him to do - that is, he exhausted his remedies; 2) the R&R is in conflict with the Court's June 30, 2014 Order in such a way that he is unable to prove his case; 3) he has exhausted his remedies; 4) he met the statute of limitations; and 5) the R&R denies him access to the courts to pursue his claim. (Doc. 40). Defendant, the United States of America, filed a brief in opposition (Doc. 41) to Robinson's objections, on June 8, 2016.

## II. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

If no objections are filed to a finding in a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual

practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

### III.  DISCUSSION

We first address the exhaustion of remedies and statute of limitations claims by Robinson in his objections numbered (1), (3), and (4).  As proof, Robinson attaches a print out of his administrative grievance record.  (Doc. 40, Ex. B).  However, as previously provided in both this Court's June 30, 2014 Memorandum and Order (Docs. 34 and 35), this record exhibits the administrative process through the prison's grievance system required under the PLRA.  It does not evidence his exhaustion of his tort claim under the process mandated under the FTCA.

Federal prisoners are allowed to bring suits under the FTCA if they receive injuries by reason of negligence of government employees.  28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150, 150 (1963).  Under the FTCA, the United States is liable in tort claims "in the same manner and to the same extent as a private individual under the circumstances," except with respect to liability for interest prior to judgment or for punitive damages.  28 U.S.C. § 2674.  "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions . . . .'" Sosa v. Alverez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008).  Under the FTCA, prisoners are permitted to recover damages for personal injuries suffered during confinement as a result of "negligent acts of government employees acting within the scope of their employment." United States v. Rinaldi, 460 Fed. App'x. 80, 81 (3d Cir. 2012); see Muniz, 374 U.S. 150.

It appears that Plaintiff subsequently attempted to exhaust his available administrative remedies under the FTCA by filing a SF-95 regarding his salmonella claim. (Doc. 41, Ex. A). However, the same was rejected on July 22, 2014, because Robinson presented the same beyond the two year statute of limitations. (Id). Therefore, we find that Plaintiff failed to timely exhaust all available administrative remedies as required per 28 U.S.C. § 2401(b).[1] Plaintiff did not, prior to commencing a civil action against the Defendant, present an administrative claim to the appropriate federal agency. McNeil v. United States, 508 U.S. 106, 110-11 (1993). These objections will be overruled.

Robinson's second objection, that the Magistrate Judge's R&R is in conflict with this Court's June 30, 2014 Order, is equally without merit. This Court's June 30, 2014 Order (Doc. 35), dismissed Robinson's complaint without prejudice so that he could re-file his Complaint as a new action if and when he fully exhausted his administrative tort claim under the FTCA. The instant R&R provides that Robinson is now unable to satisfy the exhaustion requirements of the FTCA administrative remedies because of his failure to timely act in accordance with the FTCA requirements. Therefore, this Court finds no conflict between the two and as such, this objection will be overruled.

Robinson's final objection is that the instant R&R denies him access to the Courts because it is not in accordance with civil procedures. To the contrary, 28 U.S.C.A. § 636, jurisdiction, powers, and temporary assignment, and Local Rule 72.1, provides the referring

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b).

It appears that Plaintiff subsequently attempted to exhaust his available administrative remedies under the FTCA by filing a SF-95 regarding his salmonella claim. (Doc. 41, Ex. A). However, the same was rejected on July 22, 2014, because Robinson presented the same beyond the two year statute of limitations. (Id). Therefore, we find that Plaintiff failed to timely exhaust all available administrative remedies as required per 28 U.S.C. § 2401(b).[1] Plaintiff did not, prior to commencing a civil action against the Defendant, present an administrative claim to the appropriate federal agency. McNeil v. United States, 508 U.S. 106, 110-11 (1993). These objections will be overruled.

Robinson's second objection, that the Magistrate Judge's R&R is in conflict with this Court's June 30, 2014 Order, is equally without merit. This Court's June 30, 2014 Order (Doc. 35), dismissed Robinson's complaint without prejudice so that he could re-file his Complaint as a new action if and when he fully exhausted his administrative tort claim under the FTCA. The instant R&R provides that Robinson is now unable to satisfy the exhaustion requirements of the FTCA administrative remedies because of his failure to timely act in accordance with the FTCA requirements. Therefore, this Court finds no conflict between the two and as such, this objection will be overruled.

Robinson's final objection is that the instant R&R denies him access to the Courts because it is not in accordance with civil procedures. To the contrary, 28 U.S.C.A. § 636, jurisdiction, powers, and temporary assignment, and Local Rule 72.1, provides the referring

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b).

authority to magistrate judges to hear and determine matters. For example, dispositive motions, such as a motion for summary judgment and a motion for injunctive relief, are referable to magistrate judges and subject to *de novo* review by the district court to those portions of the magistrate judge's findings to which a party objects. 28 U.S.C.A. § 636(b)(1); Sherman v. Wellbrock, 761 F. Supp. 1135 (D.N.J. 1991). Rule 72(b) of the Federal Rules of Civil Procedure provides that a magistrate judge makes a recommendation as to dispositive motions, and the district judge, upon a *de novo* review, makes the final decision. Nondispositive motions are reviewable under the "clearly erroneous and contrary to law" standard and are not subject to *de novo* review. Id. Accordingly, this Court's referral of this matter to the Magistrate Judge, and the Magistrate Judge's issuance of a Report and Recommendation, is squarely in accordance with the civil rules of procedure. As such, this objection will be overruled.

## IV. Conclusion

For the reasons set forth above, we will adopt the Magistrate Judge's recommendation (Doc. 39). The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations. An appropriate order follows.